**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LIGHT SOURCE, INC.

       Plaintiff,                    Case Number: 2:09-cv-14268

v.                                   Judge Paul D. Borman
                                   United States District Court

DISPLAY DYNAMICS, INC.,

       Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL**
**SUMMARY JUDGMENT**

       This matter comes before the Court on Plaintiff Light Source, Inc.'s ("Light Source" or "Plaintiff") motion for partial summary judgment. (Dkt. No. 24.) Defendant Display Dynamics, Inc. ("DDI" or "Defendant") has filed a memorandum in opposition to Plaintiff's motion (Dkt. No. 29), and Plaintiff has filed a reply. (Dkt. No. 31.) Oral arguments were heard on April 7, 2011. For the following reasons, Plaintiff's motion is GRANTED.

**I. BACKGROUND**

       The dispute in this matter centers around work that Light Source was solicited by DDI to perform, and agreed to perform, for DDI on a multi-million dollar museum restoration project in New York City on the floating *USS Intrepid* Museum. DDI is a designer of custom museum and trade show exhibits, providing structural and graphic design and production. Light Source is a full service lighting company that provides products and services across a broad spectrum of industries. Prior to the museum project that is the subject of the current dispute, DDI and Light Source worked

1

together on the Charles H. Wright Museum of African American History in Detroit.  (Compl. Ex. 1, Affidavit of William R. O'Neill ¶ 8, Oct. 19, 2009.)

In 2007, DDI responded to a request for proposals for a comprehensive renovation and restoration of a museum located aboard the *USS Intrepid*.  (Def.'s Memo. in Opp. to Pl.'s Mot. for Partial Summ. J. Ex. A, Affidavit of Veit Parker ¶ 4, Dec. 30, 2010.)  DDI was awarded the contract for the renovation project on or about February 2008.  (*Id.* ¶ 5.)  DDI contracted to fabricate the exhibits for the museum renovation that would be installed on the *USS Intrepid*.  (*Id.* ¶ 6.)

DDI was familiar with Light Source based upon prior business dealings, including the African American museum project that DDI had worked on in Detroit, and solicited Light Source to provide services and goods for the museum project in New York.  (O'Neill Aff. ¶¶ 4-8.)  Light Source accepted DDI's solicitation and a contract was formed, under which DDI would submit purchase orders to Light Source in Michigan, Light Source would ship materials either to DDI in Ohio or directly to the museum project in New York, mail invoices to DDI in Ohio and DDI would submit payment to Light Source in Michigan.  (Parker Aff. ¶ 9.)

For several months, DDI performed as set forth above under the contract but beginning in late 2008, stopped paying the amounts owed.  These failures by DDI to make payment under the contract to Light Source form the basis of the instant lawsuit.  (O'Neill Aff. ¶¶12-17.)

In February, 2009, the Intrepid Museum Foundation filed a lawsuit against DDI in New York, alleging numerous failures to perform under their contract.  (Def.'s Opp. Ex. B, New York Complaint.)   Light Source is not a party to the New York lawsuit, and is not mentioned in the Foundation's Complaint, but DDI claims that the outstanding invoices that Light Source seeks to collect in this lawsuit, which DDI does not deny owing to Light Source, are among the unpaid

invoices that DDI seeks payment for on its counterclaim in the New York litigation.  (Def.'s Opp. 13.)  The New York lawsuit is still pending.  (Parker Aff. ¶ 10.)

Light Source has filed the instant lawsuit against DDI to collect on the unpaid invoices. Light Source states that the contract between it and DDI was not a "pay as paid" contract, which would only obligate DDI to pay Light Source when it received payment from the museum project. DDI does not appear to claim otherwise and concedes that the outstanding invoices Light Source seeks to collect in this lawsuit remain unpaid.

**II.    Standard of Review**

Summary judgment is only appropriate if there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 487 (6th Cir. 2006).  When applying this standard, courts must view all materials, including all of the pleadings, in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the responsibility of establishing no issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets its burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial.  *Id.* at 324.  The non-moving party must do more than show that there is some abstract doubt as to the material facts.  It must present significant probative evidence the issue exists in order to defeat a motion for summary judgment.  *See Moore*

3

*v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## III.  Discussion

### A.  Account Stated Claims Generally

An account stated is "a balance struck between the parties on a settlement" of an amount the debtor owes the creditor. *Keywell & Rosenfeld v. Bithell*, 254 Mich. App. 300, 331 (2003) (quoting *Watkins v. Ford*, 69 Mich. 357, 361 (1888)).  By contrast, an open account is "an account with a balance which has not been ascertained, and which is kept open in anticipation of future transactions." *Lipa v. Asset Acceptance, LLC*, 572 F. Supp. 2d 841, 850 (E.D. Mich. 2008).  "The conversion of an open account into an account stated is an operation by which the parties *assent* to a sum as the correct balance due from one to the other." *Kaunitz v. Wheeler*, 344 Mich. 181, 184 (1955) (quoting *White v. Campbell*, 25 Mich. 463, 468 (1872)) (quotation marks omitted) (emphasis in the original).  "Where a plaintiff is able to show that mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance." *Watkins*, 69 Mich. at 361.  An account stated does not need to be affirmed in writing. *Id.* at 362.

A debtor accepts a creditor's statement of his debt "either by payments thereon without demur or by failure within a reasonable time to question the state of the account as presented." *Corey v. Jaroch*, 229 Mich. 313, 315 (1924); *see also Pabst Brewing Co. v. Lueders*, 107 Mich. 41, 48 (1895) ("[I[f monthly statements are rendered to a debtor, and the statement so rendered is not objected to within a reasonable time, the acquiescence of the debtor is taken as an admission that the amount is correctly stated.").

Evidence that an account stated has been accomplished, however, does not necessarily

exclude all inquiry into the rectitude of the account. *Kaunitz*, 344 Mich. at 184; *Keywell*, 254 Mich. App. at 332 n.23. As the Michigan Court of Appeals once stated when affirming the denial of a plaintiff's motion for summary judgment, "[e]vidence that a defendant has accepted a plaintiff's billing statements by paying them, or has failed to object to the statements, may serve as proof of mutual dealings, but this does not preclude the possibility that the defendant could prove otherwise; the rectitude of the account remains open to inquiry." *Dietrich & Assocs., P.L.C. v. Solan*, No. 283863, 2010 WL 1255808, at *6 (Mich. App. Apr. 1, 2011).

In *Keywell*, the plaintiff sued the defendant for overdue legal fees. 254 Mich. App. at 331. Even though the defendant failed to object for years to virtually any of the bills and had even explicitly conceded some of them, the court held that the trial court erred in not allowing the jury to decide whether there was an account stated. *Id.* at 332-33. The court found that a genuine issue of material fact existed because the plaintiff claimed that some of the work the attorneys did was duplicative or ineffective, and the plaintiff had a right to challenge the firm's right to recover some of the items listed in the bills. *Id.* at 332.

A court may find the defendant assented to a debt if he or she fails to dispute the amount in later communications or disputes with the creditor. *See, e.g.*, *Kawasaki Robotics (USA), Inc. v. Isaferv, Inc.*, No. 06-14990, 2007 WL 5404438, at *4 (E.D. Mich. June 19, 2007). In *Kawasaki*, the court granted plaintiff's motion for summary judgment where the defendant failed to respond to plaintiff's claim, and where the defendant never disputed the stated amount of the debt when it sought an extension of time to pay it back. *Id.*

It seems that, depending on the circumstances of the individual case, whether the defendant objected to the plaintiff's accounting within a reasonable time can be a question of law or a question

5

of fact. The Michigan Supreme Court has said "[w]hether the debtor failed to make objection to the statement of account rendered by plaintiff within a reasonable time is a question of fact to be submitted to the jury under the circumstances of the case." *Leonard Refineries, Inc. v. Gregory*, 295 Mich. 432, 437 (1940); *see also Young & Assocs., P.C. v. Rocar Precision, Inc.*, No. 218417, 2001 WL 637405, at *6 (Mich. App. May 25, 2001) ("[W]hat constitutes a reasonable time may present a question of fact.").

In *Leonard*, the plaintiff supplier sued the defendant buyer for the balance the buyer owed on a long-term contract for oil. 295 Mich. at 435. The plaintiff sent the defendant a statement that indicated that the buyer owed $537.36 on his account. *Id.* at 434. When the defendant did not pay, the plaintiff brought suit alleging that there was an account stated for $537.36. *Id.* at 435. In his answer, the defendant denied the plaintiff's allegations and argued that there were shortages regarding his order on several occasions. *Id.* The trial court struck any evidence that there were shortages with respect to the defendant's orders and granted the plaintiff's motion for a directed verdict because the court held the defendant's complaints were not made within a reasonable time. *Id.* at 435-36.

The Michigan Supreme Court reversed, holding that the defendant should have been allowed to introduce evidence of the shortages. *Id.* at 437. Although the court acknowledged that failure to object within a reasonable time amounts to an admission that the amount stated is correct, it also noted that "the rendition of statement at intervals will not constitute an account stated where the debtor repeatedly made claims of mistake." *Id.* The court defined "a reasonable time" as "such time as within which an ordinarily careful and prudent man would act." *Id.* (quoting *Black v. Delbridge, Brooks & Fisher Co.*, 90 Mich. 56, 51 (1892)). The court further explained that "[w]hat is a

6

reasonable time in one instance may not be a reasonable time in another; or what is a reasonable time in one business would not be a reasonable time in another." *Id.*

On the other hand, some Michigan courts have said that whether the defendant timely objected can be a question of law. *See, e.g.*, *Flint Cold Storage v. Dep't of Treasury*, 285 Mich. App. 483, 498 (2009) (What constitutes a reasonable time is generally a question of law for the court."). But *Flint* presented a situation where the facts were undisputed by the parties. The court quoted *S.C. Gray, Inc. v. Ford Motor Company*, 92 Mich. App. 789, 817 (1979) which stated, "[w]here the facts are undisputed the question of what is a reasonable time is a question of law." In *Flint*, the court found that taking thirty-two years to wind up a dissolved corporation's affairs was unreasonable as a matter of law. 285 Mich. App. at 498.

Similarly, in *Exide Technologies v. Kmart Corporation*, No.07-cv-11269, 2009 WL 1438729, at *7 (E.D. Mich. May 20, 2009), the court found that failing to object to a debt for a time period of less than one month does not amount to the defendant's assent to that debt as a matter of law. The court held that even though Kmart did not object to Exide's March 1, 2005 invoice before it filed suit on March 23, Kmart was entitled to summary judgment on Exide's account stated claim because the plaintiff failed to put forth evidence from which a reasonable jury could find Kmart agreed to the debt. *Id.*

Because the mutual agreement of both parties is required to establish an account stated exists, the Court must deny Plaintiff's motion for summary judgment if a genuine issue of material fact exists regarding Defendant's assent. Courts have denied motions for summary judgment where the defendant produced evidence that it objected to the plaintiff's claims prior to litigation, or where the defendant provides an affidavit or declaration challenging the plaintiff's figures in response to the

7

motion.  *See, e.g.*, *Falcon Waterfree Techs., LLC v. T.E. Janssen*, No. 1:05-cv-551, 2007 WL 837206, at *2 (W.D. Mich. Mar. 15, 2007); *Price, Heneveld, Cooper, DeWitt & Litton v. Annuity Investors Life Ins., Co.*, No. 04-cv-0561, 2006 WL 696480, at *3 (W.D. Mich. Mar. 17, 2006); *Young*, 2001 WL 637405, at *6.  Summary judgment may be denied even where the plaintiff makes partial payments or acknowledges certain aspects of the plaintiff's claim.  *See Young*, 2001 WL 637405, at *6.

In *Young*, the plaintiff sued the defendant for unpaid legal fees.  *Id.*  The plaintiff claimed the defendant owed $72,772.54 for legal services provided over the course of several years.  *Id.*, at *1.  In support of its motion for summary disposition, the plaintiff presented a letter it sent the defendant confirming the firm's fee structure.  The trial court granted the plaintiff's motion because it concluded that the letter "specifically enumerated the amount of fees to be charged and that defendant acquiesced in the fee agreement."  *Id.*, at *3.  The appellate court reversed.  Although it agreed that the defendant's payment of certain statements without objection demonstrated that he acquiesced to certain types of expenses, the court held that "a genuine issue of material fact exists as to whether defendant acquiesced to *all items* underlying the $72,772.64 amount sought by plaintiff."  *Id.*, at *6 (emphasis added). The defendant presented evidence that the plaintiff provide only periodic statements, and that the defendant had an "irregular payment history."  *Id.*  Additionally, the defendant sent a letter objecting to some of the fees.

### B.    Mich. Comp. Laws § 600.2145

The Michigan Legislature has codified a procedure by which a plaintiff may establish an account stated in connection with its collection efforts.  *See* Mich. Comp. Laws § 600.2145 ("Section 2145").  Under Section 2145, in any collection effort, if the plaintiff attaches an affidavit

stating the amount due to his complaint, "such affidavit shall be deemed prima facie evidence of such indebtedness, unless the defendant with his answer, by himself or agent, makes an affidavit . . . denying the same." § 2145.  The affidavit must be made "within 10 days next preceding the issuing of the writ or filing of the complaint or answer."  *Id.*

However, a defendant's failure to file an affidavit after the plaintiff complies with the statutory requirements does not conclusively establish the existence of the account stated or the amount owed.  *Velardo & Assocs. v. Oram*, No. 279801, 2008 WL 4604355, at *1 (Mich. App. Oct. 7, 2008).  *Prima facie* evidence by its nature is not irrefutable.  *Id.*, at *2.  It is "evidence which, if not rebutted, is sufficient by itself to establish the truth of a legal conclusion asserted by a party." *Id.* (quoting *Am. Casualty Co. v. Costello*, 174 Mich. App. 1, 7 (1989)).  Successfully establishing a *prima facie* case is analogous to having a statutory rebuttable presumption in your favor.  *Id.*  "If an account stated exists, an unanswered affidavit under [Section 2145] creates a prima facie case that the party failing to respond owes the other party the amount stated."  *Echelon Homes, LLC v. Carter Lumber Co.*, 261 Mich. App. 424, 435 (2004), *rev'd in part on other grounds*, 472 Mich. 192 (2005); *see also Charbonneau v. Mary Jane Elliot, P.C.*, 611 F. Supp. 2d 736, 742 (E.D. Mich. 2009).  A proper affidavit, therefore merely shifts the burden of disproving the amount claimed is inaccurate to the debtor.  *Lipa*, 572 F. Supp. 2d at 851.

In *Oram*, the defendant did not attach an affidavit to its answer challenging the claims the plaintiff made in its complaint and accompanying affidavit for past due legal fees.  Nevertheless, the appellate court reversed the trial court's decision to grant the plaintiff summary disposition because it held the defendant presented evidence that, if believed by the jury, rebutted the plaintiff's *prima facie* evidence.  2008 WL 4604355, at *3.  The defendant submitted an affidavit in response to the

9

plaintiff's motion for summary disposition arguing that he never received the itemized bills plaintiff claimed he sent, protested to those bills he did pay, and introducing evidence that the parties had agreed that his legal bills would be reduced if his legal actions were not successful.  *Id.*

Similarly, the plaintiff is not foreclosed from establishing an account stated claim by failing to attach an affidavit or otherwise complying with Section 2145.  *Lipa*, 572 F. Supp. 2d at 851 (quoting *Klochko Equip. Rental Co., Inc. v. Vill. Green Constr.*, No. 235599, 2003 WL 21398305, at *3 (Mich. App. June 17, 2003)).

C.      **Analysis**

Applying the principles stated above, the Court holds that Defendant has failed to demonstrate a genuine issue of material fact regarding whether it assented to Plaintiff's account stated.  For the following reasons, Plaintiff's motion for partial summary judgment on its account stated claim is GRANTED.

1.      **Section 2145 Is Applicable To This Action And By Complying With Its Requirements Plaintiff Has Established A *Prima Facie* Case**

First, the Court dismisses Defendant's argument that "by its own terms MCL § 600.2145 applies only to actions brought in 'the courts of this state'" as without merit.  (Def.'s Opp. 10.) Although the statute does begin with the phrase "[i]n all actions brought in any of the courts of this state," Defendant concedes that it could find no caselaw construing that language to prevent the law's application to claims under Michigan state law in federal court.  (*Id.*)  And there is good reason for that.  As Plaintiff points out in its reply brief, such language appears in countless statutory causes of action under Michigan law.  (Pl.'s Reply 3.)  If Defendant's interpretation was correct, diversity and supplemental jurisdiction would be severely undermined.  Additionally, the Court has found (and already cited to) several cases in which federal courts have construed and applied Section

10

2145.  *See, e.g.*, *Lipa*, 572 F. Supp. at 850.

The Court also finds that Plaintiff has established a *prima facie* case under the statute. Plaintiff attached the affidavit of its President William R. O'Neill to its Complaint.  *See* § 2145. O'Neill affirmed that DDI owes Light Source $441,415.61 for unpaid lighting products and services. (O'Neill Aff. ¶ 9.)  It is undisputed that Defendant failed to submit an affidavit disputing this claim along with its Answer.  As a result, the Court holds that Plaintiff has established a *prima facie* case under Section 2145.

The Court rejects Defendant's argument that Plaintiff failed to timely file its affidavit. Plaintiff's affidavit was signed October 19, 2009 and its Complaint was filed on October 30, 2009. Section 2145 requires that "[a]ny affidavit in this section mentioned shall be deemed sufficient if the same is made within 10 days next preceding the issuing of the writ or filing of the complaint or answer." While at first blush it may seem Defendant's interpretation is correct, the Michigan Court of Appeals has held that this language means that the affidavit must be filed within ten days after the Complaint is filed.  *See Dep't of Educ. v. Johnson*, No. 210280, 1999 WL 33433525, at *1 (Mich. App. Oct. 29, 1999) ("The statute is silent regarding the sufficiency of an affidavit prepared more than ten days before the filing of the complaint.").

### 2.   Defendant Has Failed to Provide Any Evidence Rebutting Plaintiff's Claim

Defendant argues that even if Plaintiff has established a *prima facie* case on its account stated claim that fact is not conclusive under Section 2145, and therefore summary judgment is inappropriate.  (Def.'s Opp. 11.)  Defendant, however, has failed to produce *any* evidence to rebut Plaintiff's claim that DDI owes it for unpaid products and services Light Source provided. Defendant argues that genuine issues of material fact exist because (1) Plaintiff failed to provide the

11

purchase orders DDI would have sent in connection with the materials quoted in the invoices, and (2) DDI's lawsuit with the Intrepid Museum is still pending, and as a result, DDI cannot say for certain that Light Source's materials/services are not part of the museum's complaint. (*Id.* at 13.)

The Court holds that neither of those arguments creates a genuine issue of material fact, and summary judgment is appropriate. In its responses to Plaintiff's first interrogatories, when asked if there was a dispute as to the service/goods quoted in the invoices attached to Plaintiff's Complaint DDI responded:

> DDI is unable to say at this time whether there is any dispute with the goods or services identified in this invoice. To the extent that the end-user of the goods and services alleges any deficiency in its lawsuit against DDI, DDI incorporates such allegations here. **Presently, however, DDI is unaware of any specific allegations of deficiency or dispute that the Intrepid Museum has asserted with respect to the goods and services in this invoice. This invoice has not been paid because DDI has insufficient funds available for its payment since DDI has not been paid by the Intrepid Museum**, and because until the Intrepid Museum lawsuit is concluded DDI is unaware of whether the goods and services identified in it are the subject of any allegation of deficiency or dispute by the Intrepid Museum.

(Pl.'s Mot. Ex. A at 6 (emphasis added).) At no point does Defendant challenge the value of the products/services quoted, whether they conformed to Defendant's specifications, whether they were timely delivered by Plaintiff, or whether they in fact owe Light Source the amount it claims.

Similarly, no such challenges are made by DDI's president Veit Parker in the affidavit he signed that Defendant attached to its Opposition. (Def.'s Opp. Ex. A.) In fact, the only notable aspect of Parker's affidavit states that "[f]or each purchase order sent by DDI, Light Source would send its invoice to DDI in Ohio. DDI then issued a check to Light Source." (*Id.* ¶ 9.) This undermines Defendant's argument that summary judgment is inappropriate because Plaintiff failed

to attach the corresponding purchase orders because it shows that Light Source would only send an invoice if it received a purchase order, and that DDI would only cut a check if it received an invoice. Defendant does not claim that the invoices do not accurately represent the products/services they agreed to purchase so the purchase orders would not contribute much, if anything, to this dispute.

Defendant's only remaining argument is that Plaintiff is not entitled to summary judgment because DDI's lawsuit with Intrepid Museum is still ongoing and the products and services Plaintiff provided could be involved in that suit. Essentially Defendant argues that although it does not dispute that it has not paid for the products quoted in the attached invoices and does not challenge the price stated in those invoices, summary judgment should be denied because even though Defendant currently has no reason to question Plaintiff's compliance with their contract, the museum might complain about Light Source's work at some point during its case against DDI. Claiming that there is a possibility that a genuine issue of material fact might arise later is not the same as establishing one *currently* exists under rule 56(c). Accordingly, the Court holds that Defendant has failed to establish a genuine issue of material fact exists as to whether Defendant's agreed to pay Plaintiff for the unpaid services and products Light Source provided in conjunction with DDI's work on the Intrepid Museum. The Court notes that it need not determine whether Defendant objected to Plaintiff's invoices within a reasonable time because it finds that Defendant has not objected to them at all.

## IV.    Conclusion

For the reasons stated above, Plaintiff's motion for partial summary judgment is GRANTED.

13

**SO ORDERED.**


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 28, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 28, 2011.


S/Denise Goodine
Case Manager